UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Glenn Nelson, | Case No. 18-cv-1048 (MJD/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Grand Forks County, et al., | |
| Defendants. | |

---

This matter comes before the undersigned United States Magistrate Judge upon routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636.

Plaintiff Glenn Nelson filed in this action in the United States District Court for the District of Maryland alleging, in broad terms, that the Defendants to this action had made misrepresentations to a federal agency and had "applied false documentation on [his] record." (Compl., [Docket No. 1], at 6). After the matter was transferred to this District, this Court reviewed Nelson's application to proceed *in forma pauperis* ("IFP") and concluded that, although Nelson qualified financially for IFP status, the IFP application could not be granted, as Nelson had not adequately pleaded a claim for relief within the Court's original subject-matter jurisdiction. (Order [Docket No. 6]). Rather than recommend dismissal of the action, however, this Court invited Nelson to submit an amended complaint clarifying his factual allegations and legal claims.

Nelson did not file an amended complaint, but he did submit a letter to the Court attempting to clarify the scope of this lawsuit. (Letter [Docket No. 7]). The central claim raised by Nelson in this litigation, as identified in both the original Complaint and Nelson's subsequent letter, is that he worked on "a federally funded job in 2006" in Polk County, Minnesota, for which he was never

1

paid. (See, Letter, [Docket No. 7], at 3). After this, Nelson discovered that several false criminal convictions were recorded against him; Nelson contends that the two events are related, though it is not entirely obvious how.

Neither of Nelson's claims is actionable in these proceedings. The gist of Nelson's nonpayment claim is that he was defrauded by Polk County, but Polk County is not named as a defendant to this action. Even if Polk County had been included in this lawsuit, fraud claims must be pleaded with particularity, see, Fed. R. Civ. P. 9(b), and all but the broadest contours of Nelson's claim are obscured in his pleadings. Nor does Nelson allege the existence of a contract between he and any other entity or person, defendant or otherwise, thus precluding any breach-of-contract claim. And, in any event, both fraud and breach of contract are state-law causes of action over which Nelson has not adequately alleged a basis for original subject-matter jurisdiction, such as diversity of citizenship. See, 28 U.S.C. § 1332(a).

Insofar as Nelson is challenging the validity of criminal convictions entered in the State of Minnesota or elsewhere, his complaint also fails. A civil lawsuit such as this is not the appropriate mechanism through which to challenge the validity of a criminal conviction. See, Heck v. Humphrey, 512 U.S. 477 (1994); Spencer v. Haynes, 774 F.3d 467, 469–70 (8th Cir. 2014). To the extent that Nelson seeks habeas corpus relief, only one of the convictions is mentioned by Nelson with specificity—a conviction for theft of property incurred in North Dakota in 1993, see, Exhibit A [Docket No. 7-1]—but Nelson long ago ceased being "in custody" as a result of that conviction, as required to seek habeas corpus relief, see, 28 U.S.C. § 2241(c), and the limitations period for challenging the conviction would have long ago passed, see, 28 U.S.C. § 2254(d).

For all these reasons, this action cannot survive. Accordingly, it is recommended that the Complaint be dismissed and that Nelson's application to proceed IFP be denied. See, 28 U.S.C. § 1915(e)(2)(B).

The factual allegations underpinning Nelson's Complaint are sufficiently unclear that this Court cannot say whether repleading at a future date would prove futile; accordingly, it is recommended that this action be dismissed without prejudice. That said, Nelson should be prepared in any future action to plead sufficient factual allegations, with sufficient clarity, to show how the named defendants violated the law.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B); and

2. Plaintiff Glenn Nelson's application to proceed *in forma pauperis*, [Docket No. 2], be **DENIED**.

Dated: September 18, 2018            s/Leo I. Brisbois
                                     Leo I. Brisbois
                                     United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).